Filed Oct. 15, 1886.

———————◆———————

No. 12,631.

THE STATE v. MASON.

CRIMINAL LAW.—*Embezzlement by Public Officer.*—*Repeal of Statute.*—Section 1943, R. S. 1881, defining the offence of embezzlement by public officers, was repealed by implication by the act of March 5, 1883 (Acts 1883, p. 106), upon the same subject, without any saving clause.

SAME.—*Saving Clause.*—Where a law prescribing penalties has been repealed, there can be no further prosecutions under it, unless the repealing statute contains a saving clause authorizing the same.

SAME.—*County Treasurer.*—*Embezzlement.*—*Indictment.*—*Statute of Limitations.* —Under section 1943, R. S. 1881, a prosecution against a county treasurer for embezzlement of public funds should have been begun within two years after such officer failed, at the expiration of his term, to pay over such funds to his successor, and the allegation of demands and refusals subsequent to that time would not take the indictment out of the operation of the statute.

From the Jay Circuit Court.

*F. T. Hord*, Attorney General, *O. H. Adair*, Prosecuting

The State *v.* Mason.

Attorney, *D. T. Taylor, J. M. Smith, T. Bailey, R. S. Gregory* and *A. C. Silverburg,* for the State.

*J. P. C. Shanks, C. M. C. Shanks, L. I. Baker* and *M. S. Williamson,* for appellee.

NIBLACK, J.——On the 20th day of May, 1885, the grand jury of Jay county returned an indictment against the appellee, John W. Mason, late treasurer of that county, for embezzlement. The indictment was in three counts.

The first count charged that Mason had been the duly elected, qualified and acting treasurer of Jay county for two consecutive terms, the first having commenced in November, 1878, and the last having ended on the 28th day of November, 1882; that on said last named day one John T. Hanlin became his duly elected and qualified successor in office; that during his terms in office there came into the hands of the said Mason, as such treasurer, the sum of $50,000, the personal property of said county of Jay, which sum of money he, the said Mason, had, at the expiration of his said second term of office, failed to account for, and to pay over to the said Hanlin, as his successor in office, or to any one else lawfully entitled to receive the same; that, on the 2d day of July, 1883, the said Hanlin, then and still being treasurer of Jay county as above stated, called upon, and at said county of Jay demanded of the said Mason that he should account for and pay over to him, the said Hanlin, the said sum of $50,000, which still remained in his, the said Mason's possession, but that he, the said Mason, then and there unlawfully, fraudulently and feloniously failed and refused to account for and to pay over said sum of money to the said Hanlin, and, in like manner, purloined, carried away, secreted and appropriated said money, and converted the same to his own use.

The second count was similar to the first, except that it charged Mason with having fraudulently failed and refused

to account for and pay over the money in his hands to his successor in office at the expiration of his second and last term, and a further demand and felonious failure and refusal to account for and pay over such money on the 14th day of February, 1884.

The third count differed from the two preceding counts in only charging an unlawful, fraudulent and felonious failure and refusal on the part of Mason to pay over upon demand, to his successor in office, the money remaining in his hands at the expiration of his term as treasurer, on the 28th day of November, 1882.

A motion to quash all the counts of the indictment was sustained, and Mason was accordingly discharged.

The State appeals upon the ground that the indictment was sufficient in law, and that, consequently, the circuit court erred in sustaining the motion to quash it.

The propriety of the action of the circuit court in the respect complained of is sought to be maintained upon the ground that the statute on the subject of embezzlement, which was in force when Mason's second term of office expired, was repealed by the subsequent act of March 5th, 1883, on the same subject, without any saving clause as to offences previously committed, and upon the further ground that the offence charged in each count of the indictment was barred by the statute of limitations when the indictment was returned by the grand jury.

Section 1943, R. S. 1881, reads as follows: "Any county treasurer, county auditor, sheriff, clerk, or receiver of any court, township trustee, justice of the peace, mayor of a city, constable, marshal of any city or incorporated town, or any officer or agent of any county, civil or school township, city, or incorporated town; who shall fraudulently fail or refuse, at the expiration of the term for which he was elected or appointed, or at any time during such term, when legally required by the proper person or authority, to account for, deliver, and pay over to such person or persons as may be

lawfully entitled to receive the same, all moneys, choses in action, or other property which may have come into his hands by virtue of his said office, shall be deemed guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the State prison for any period not more than five years nor less than one year, and fined in any sum not exceeding one thousand dollars, and rendered incapable of holding any office of trust or profit for any determinate period."

The act of March 5th, 1883, is in the following words: "That it shall be the duty of each clerk, sheriff, and treasurer of the several counties of this State, and every other officer receiving money in his official capacity, at the expiration of his term of office, to pay over to his successor in office all moneys of every description, to whomsoever due, remaining in his hands at the expiration of such term, taking the receipt of such successor therefor ; and such successor and his sureties shall be liable therefor on his official bond, as if the same had been originally collected by him ; and any clerk, treasurer, or sheriff, so failing to pay over such moneys, or any successor [of such] clerk, treasurer, or sheriff who who shall fail to pay over any moneys to parties entitled to receive the same when called on to do so, shall be deemed guilty of embezzlement, and, on conviction thereof, shall be fined in any sum not exceeding one thousand dollars, and be imprisoned at hard labor in the State prison not less than one nor more than five years." Acts 1883, p. 106.

While the law does not favor the repeal of statutes by implication, yet it is well settled that when a new statute covers the whole subject-matter of an older statute, and provides penalties for offences enumerated in the older law, the former or older law is repealed by implication. Moore Crim. Law, section 6; *Longlois* v. *Longlois,* 48 Ind. 60 ; *State* v. *Christman,* 67 Ind. 328 ; *Chamberlain* v. *City of Evansville,* 77 Ind. 542 ; *Wagoner* v. *State,* 90 Ind. 504.

Tested by this rule, the act of March 5th, 1883, set out as above, repealed section 1943, R. S. 1881. It covers the same

subject-matter, and has the same general purpose in view. It provides penalties against those offending, and contains some new provisions. It omits the penalty of disfranchisement contained in the former law, and is in that respect at least essentially inconsistent with that law. It is also well settled that when a law prescribing penalties has been repealed, there can be no further prosecutions under it unless the new law contains a saving clause authorizing such further prosecutions. Whitehurst v. State, 43 Ind. 473; Mullinix v. State, 43 Ind. 511.

Consequently, when the indictment in this case was returned, the law which it, in legal effect, charged had been violated, was no longer in force.

What is now generally known as the crime of embezzlement was at one time usually treated and punished as a form or species of larceny, and it still has some features in common with larceny. It is a purely statutory crime, and for that reason its definition varies with the varying statutes of the several States. 2 Bishop Crim. Proc., section 314. It may nevertheless, in general terms, be said to be the fraudulent appropriation by one person to his own use of the money or property intrusted to his care and control by another. Abbott Law Dict., title "Embezzlement."

At the trial for embezzlement, therefore, it is essential to prove either by direct or circumstantial evidence, that the party charged has misappropriated or converted to his own use the money or property in question. Section 1943, supra, was enacted upon the evident theory that the fraudulent failure or refusal of a county treasurer to account for and pay over to his successor in office, at the expiration of his term of office, all the public funds in his hands, constituted sufficient evidence that he had misappropriated or converted such public funds to his own use. The fraudulent failure or refusal to account for and pay over the funds in his hands being established, no proof of a subsequent demand and refusal would have been required. A refusal to deliver upon

demand is not a conversion. It is only evidence of a conversion, and hence in such a case proof of a subsequent demand and refusal would have afforded only redundant evidence of the misappropriation or conversion constituting the crime charged. 2 Bishop Crim. Law, section 373; *Commonwealth* v. *Tuckerman*, 10 Gray, 173; *Gordon* v. *Stockdale*, 89. Ind. 240.

Upon the facts charged in each count of the indictment in this case, the statute of limitations began to run when Mason. failed to pay over the money in his hands to his successor in office, and the alleged subsequent demands and refusals did not take any of the counts out of the operation of that statute. *State* v. *Leonard*, 6 Cold. 307; *State* v. *Hunnicut*, 34. Ark. 562.

The judgment below is affirmed.

Filed Oct. 16, 1886.