The State v. Wells.

Filed Nov. 3, 1887.

———◆———

No. 13,903.

## THE STATE v. WELLS.

STATUTE.—*Two Acts Upon Same Subject.*— *When Repeal not Implied.*—Where two acts relate to the same subject, both are to be given effect if possi-ble, and the prior one will not be deemed repealed by implication unless the later covers the whole subject-matter embraced therein, adds new provisions and imposes different or additional penalties.

CRIMINAL LAW.—*Embezzlement by Public Officers.*—*Repeal of Statute.*—Section 1943, R. S. 1881, upon the subject of embezzlement by public officers, was not repealed by the act of March 5th, 1883 (Acts of 1883, p. 106). *Mason* v. *State*, 108 Ind. 48, modified.

SAME.—*Drainage Commissioner.*—*Embezzlement by.*—A drainage commissioner is an officer of the county for which he is appointed, within the purview of section 1943, and for a failure, when he goes out of office, to pay over to his successor moneys received by him in his official capacity, as required by the act of 1883, he is guilty of embezzlement and subject to the penalties prescribed by section 1943.

From the Hamilton Circuit Court.

*J. F. Neal*, Prosecuting Attorney, *T. J. Kane* and *T. P. Davis*, for the State.

*F. M. Trissal*, for appellee.

MITCHELL, J.—The grand jury of Hamilton county returned an indictment into the Hamilton Circuit Court, at its September term, 1886, in which it was charged that Samuel B. Wells, theretofore a duly appointed and qualified commissioner of drainage, had, on or about the 30th day of May, 1886—he having previous to that date resigned his office—feloniously failed and refused to pay over to his successor in office certain moneys which had been collected and received by him on account of assessments made for defraying the costs and for the construction of a certain drain theretofore duly ordered and established in Hamilton county.

The court quashed the indictment. The propriety of this ruling depends upon whether or not the act of March 5th, 1883, entirely abrogated or repealed section 1943, R. S. 1881.

This latter section provides that "Any county treasurer, county auditor, sheriff, clerk, or receiver of any court, township trustee, justice of the peace, mayor of a city, constable, marshal of any city or incorporated town, or any *officer* or agent of any county, civil or school township, city, or incorporated town, who shall fraudulently fail or refuse, at the expiration of the term for which he was elected or appointed, or at any time during such term, when legally required by

the proper person or authority, to account for, deliver, and pay over to such person or persons as may be lawfully entitled to receive the same, all moneys, choses in action, or other property which may have come into his hands by virtue of his said office, shall be deemed guilty of embezzlement, and, upon ·conviction thereof, shall be imprisoned in the State prison for any period not more than five years nor less than one year, and fined in any sum not exceeding one thousand dollars, and rendered incapable of holding any office of trust or profit for any determinate period."

The act of March 5th, 1883 (Acts 1883, p. 106), which is entitled "An act relating to county, State, and other officers, and the payment by them to their successors in office of all moneys in their hands at the expiration of their terms of office, and providing penalties for failure to do so," reads as follows:

"That it shall be the duty of each clerk, sheriff, and treasurer of the several counties in this State, and every other officer receiving money in his official capacity, at the expiration of his term of office, to pay over to his successor in office all moneys of every description, to whomsoever due, remaining in his hands at the expiration of such term, taking the receipt of such successor therefor; and such successor and his sureties shall be liable therefor on his official bond, as if the same had been originally collected by him; and any clerk, treasurer, or sheriff, so failing to pay over such moneys, or any successor [of such] clerk, treasurer or sheriff, who shall fail to pay over any moneys to parties entitled to receive the same when called on to do so, shall be deemed guilty of embezzlement, and, on conviction thereof, shall be fined in any sum not exceeding one thousand dollars, and be imprisoned at hard labor in the State prison not less than one nor more than five years."

A comparison of these several statutes discloses the purpose of the Legislature in each.

Section 1943 makes any of the officers therein specially

named, or any officer or agent of a municipal corporation, subject to indictment and conviction for embezzlement, who fraudulently fails or refuses at the expiration of his term, or at any time *during such term,* when legally required to do so, to account for, deliver, and pay over to the person or persons entitled to receive the same any and all moneys, choses in action, or other property, which may have come to his hands by virtue of his office.

The act of 1883 has relation to the duties of officers at the expiration of their terms of office. That act affirmatively requires all county clerks, sheriffs and treasurers, and every other officer, whether he be a State, county or municipal officer, who receives money in his official capacity, to pay over all such moneys as may remain in his hands at the expiration of his term, no matter to whom it may belong, to his successor in office, and take his receipt therefor. It also makes any county clerk, sheriff, or treasurer, who fails to pay over to his successor as required, guilty of embezzlement, and it makes the successor guilty of the like offence, in case he fails or refuses, when called upon to do so, to pay the money thus received by him to the persons entitled to it. Under this latter act clerks, sheriffs and treasurers are not liable to punishment for failing or refusing to pay money, or deliver property, or choses in action, to the persons to whom it may belong, at any intermediate period before the expiration of their terms, except it be money turned over to them by their predecessors in office.

It may be supposed that the Legislature was cognizant of the fact that county clerks, sheriffs and treasurers become the custodians of funds and property, by virtue of their respective offices, which belong to individuals, and it may have been supposed that instances might arise, or probably have arisen, where officers of the class mentioned would retain such moneys or property in their own possession at the expiration of their terms, instead of turning it over to their successors in office. Thus it would follow that moneys and

The State *v.* Wells.

property which should be kept in the custody and under the protection of a public officer, in a public office, would be subject to the vicissitudes and perils of being in the custody and use of private individuals who might or might not be readily accessible to the persons entitled to it. This was the mischief at which the act of March 5th, 1883, was aimed. The effect and purpose of that act was to make it the duty of all officers to turn over to their successors all moneys remaining in their hands at the expiration of their terms, and to punish the officers therein named for failing to comply with their duties, as prescribed by that act. It did not,·however, affect the liability of any of the officers embraced within the provisions of section 1943 who fraudulently fail or refuse to account for, deliver, and pay over to such person or persons as are lawfully entitled to receive, or to whom such officers are required by competent authority to turn over, any moneys, choses in action, or property which may be received by them in their official capacity during their respective terms.

A fraudulent failure to pay over or deliver to the persons entitled, or in accordance with the requirement of competent authority, at any time during the term of the respective officers embraced by section 1943, exposes the officer to the penalties prescribed by that section. Likewise, a fraudulent failure of any such officer to pay over to his successor, as required by the act of March 5th, 1883, leaves all such officers, except clerks, sheriffs and treasurers, liable to prosecution under the same section. In respect to clerks, sheriffs and treasurers, their liability for failing to pay all money, to whomsoever due, which remains in their hands at the expiration of their respective terms, or for failing to pay money during their terms, which was turned over to them by their predecessors, to the persons entitled to receive the same, is fixed by the later act.

There is, therefore, no apparent repugnance between the several statutes under consideration, except as to the liability

of county clerks, sheriffs and treasurers, and as to those officers only in respect to their liability for failing to pay over to their successors any moneys which may remain in their hands at the expiration of their respective terms.   For such defaults they are liable under the act of March 5th, 1883.   For the defaults specified in section 1943, the liability of clerks, sheriffs and treasurers, and all other officers embraced by its terms, remains unaffected by the later act. This is according to the rule which requires that where there are two acts which relate to the same subject, both are to be given effect if that be reasonably possible.   If the later act embraces all the provisions of the first, and also new provisions, and imposes different or additional penalties for the same offences as are embraced by the old, the later act, in such a case, operates as a repeal of the old, without any repealing clause.   Or, as it was well stated in *Wagoner* v. *State*, 90 Ind. 504:  " The general rule is that where a new statute covers the whole subject-matter of an old one, adds new offences and prescribes different penalties for those enumerated in the old law, then the former statute is repealed by implication."   *Norris* v. *Crocker*, 13 How. (U. S.) 429 ; *President, etc.,* v. *Bradshaw*, 6 Ind. 146 ; *Leard* v. *Leard*, 30 Ind. 171 ; *Dowdell* v. *State*, 58 Ind. 333 ; *State* v. *Christman*, 67 Ind. 328 ; *Western Union Tel. Co.* v. *Brown*, 108 Ind. 538 ; *United States* v. *Tynen*, 11 Wall. 88 ; *Robinson* v. *Rippey*, 111 Ind. 112, and cases cited ; *Pennsylvania Co.* v. *Spaulding, ante,* p. 47.

The later act under consideration does not cover the entire subject-matter of section 1943 ; nor can it be said that it in terms adds new offences.

As we have already seen, so much of the act of March 5th, 1883, as imposes penalties is in no respect in conflict with section 1943, except in so far as the act relates to certain designated officers, viz., clerks, sheriffs and treasurers, and in respect to those officers the penal part of the later act is only variant from the earlier in so far as it imposes liability

The State *v.* Wells.

for failing to turn over moneys remaining in their hands to their successors at the expiration of their terms of office.

It can not be implied from the act of 1883 that the Legislature intended to absolve all the officers named in section 1943, except clerks, sheriffs and treasurers, from punishment for embezzling funds or property received by them in their official capacity, or that it was the intention to absolve clerks, treasurers and sheriffs from liability for embezzling, or fraudulently failing or refusing to deliver to the persons entitled thereto, money or property during their continuance in office.

A drainage commissioner is an officer of the county for which he is appointed, within the purview of section 1943. The indictment charges that the appellee, as such officer, received certain moneys, by virtue of his office; that his successor in office demanded the money from him, and that he fraudulently failed and refused to deliver it, and feloniously embezzled, retained, and converted the same to his own use. When he resigned his office it became his duty, under the act of 1883, to pay over to his successor in office such moneys received by him in his official capacity as remained in his hands, without regard to whom it belonged; and if it be true, as charged, that he fraudulently failed and refused to do so, but embezzled and converted the money to his own use, he is subject to the penalties prescribed in section 1943.

The several statutes we have been considering were the subject of review, to some extent, in the recent case of *State v. Mason*, 108 Ind. 48. That was a case in which an indictment had been returned against a county treasurer, charging him with having embezzled, and failed to pay over to his successor in office, moneys remaining in his hands at the expiration of his term.

The indictment was returned after the act of 1883 came into force, but the offence was charged as having been committed at a date prior to the enactment of that statute.

The point was made that the statute in force at the time

the alleged offence was committed had been repealed by implication by the later act, and that, in the absence of a clause saving prosecutions for offences committed while the prior act was in force, the prosecution could not be maintained.

That being a case for the default of a county treasurer for failing to pay money remaining in his hands at the expiration of his term to his successor, it fell within the general purview of the act of 1883, and the court arrived at the conclusion that, as applied to the facts in that case, section 1943 was repealed by the later act.

Although some of the language of the opinion might warrant the inference that it was intended to decide that the later act entirely abrogated the earlier, and to that extent may have been too broad, nevertheless, as applied to that case, as it was presented, the construction of the statute was not in conflict with the views hereinabove expressed, as applied to county treasurers who are in default for not having paid over to their successors at the expiration of their terms.

It is to be observed further, that in the case referred to the attention of the court was in no way called to the act of July 2d, 1877, embodied in section 248, R. S. 1881, which provides, substantially, that the repeal of any statute shall not have the effect to extinguish or release any penalty or liability incurred under such statute, unless the repealing act shall so expressly provide.

Had the attention of the court been called to this statute, a different conclusion from that reached might have followed in that case.

To the extent that any general expressions used in *State* v. *Mason, supra,* may seem to conflict with the conclusions above, such expressions may be deemed to be modified by this opinion.

Judgment reversed, and cause remanded, with instructions to overrule the motion to quash.

Filed Nov. 4, 1887.