## THE STATE *v.* HARDMAN.

[No. 2,282.   Filed November 24, 1896.]

STATUTES.—*Reenactment.*—An amendatory statute which simply defines the same offense in substantially the same language as that used in the statute amended does not take away the right of prosecution under the amended statute for an offense committed before the act as amended became effective.

SAME.—*Saving Clause.*—The provisions of section 248, Burns' R. S. 1894, that the repeal of a statute shall not have the effect to repeal or extinguish any penalty, forfeiture, or liability incurred thereunder, are by law imported into the subsequent repealing acts and obviate the necessity for individual saving clauses.

SAME.—*Repealing Acts.*—*Statute Construed.*—*Penalty.*—The provision of section 248, Burns' R. S. 1894, that "the repeal of a statute shall

not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide," applies to penal statutes imposing punishment by imprisonment, and the word "penalty" is not restricted to a pecuniary liability.

From the Grant Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, and *Elias Bundy,* for State.

*H. M. Elliott, G. M. Elliott, J. T. Strange* and *E. A. Huffman,* for appellee.

GAVIN, J.—On June 16, 1895, the following statute was in force in this State: "Whoever makes, composes, dictates, prints, or writes a libel to be published, * * * * and whoever publishes or knowingly aids in publishing or communicating a libel, is guilty of libel, and shall, upon conviction thereof, be fined not more than one thousand dollars nor less than five dollars, to which may be added imprisonment in the county jail for not more than one year nor less than ten days." Section 1998, Burns' R. S. 1894. On July 1, 1895, the Act of 1895 concerning libel went into force. Acts 1895, p. 91; section 1925, Horner's R. S. 1896. Section 3 of this act contains all that is comprised in the first quoted section save that the imprisonment is limited to six months. In addition thereto it contains some additional specifications as to who may be punished for libel, and also prescribes certain rules of evidence to govern upon the trial. In the following section is a clause repealing all laws in conflict therewith without any saving clause.

It has been decided that an amendatory statute which simply defines the same offense in substantially the same language as that used in the statute amended does not take away the right of prosecution under the amended statute, but the new statute is to

be regarded as a continuation of the old.  *Sage* v. *State*, 127 Ind. 15.

It is claimed, however, by appellee that the latter act without being amendatory of the former, or a re-enactment of it, covers the same subject matter and also creates new and distinct offenses, prescribing different penalties therefor and thereby repeals the said section 1998.  *Wright, Aud.,* v. *Board, etc.,* 98 Ind. 88; *State* v. *Mason,* 108 Ind. 48; *State* v. *Wells,* 112 Ind. 237.

Assuming this to be the case the question presented for our determination is: Does the repeal of the first named act carry down with it the right to prosecute for violations of its provisions occurring before the repeal?  It has been adjudged by our Supreme Court that no one can after its repeal be convicted for the violation of a repealed statute unless the repealing act made provision therefor by a saving clause. *Taylor* v. *State,* 7 Blackf. 93; *State* v. *Loyd,* 2 Ind. 659; *Whitehurst* v. *State,* 43 Ind. 473; *State* v. *Mason, supra.*

In 1877 a law was passed providing that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."  Section 248, Burns' R. S. 1894 (248, Horner's R. S. 1896).

Both the Supreme and this court have already held that this statute preserves liabilities which would otherwise fall by reason of the repeal of the statute upon which they are founded. *Daggy, Tr.,* v. *Ball,* 7 Ind. App. 64; *Crawford, Tr.,* v. *Hedrick,* 9 Ind. App. 356; *Bruce, Treas.,* v. *Cook,* 136 Ind. 214.

The language of section 248 is broad enough to apply to criminal liabilities and the penalties incurred by reason of a disregard of the penal statutes of our State.

It is true that the word "penalty" is frequently used to designate a pecuniary punishment or liability, and has sometimes even been declared to be limited to that class alone and not to include imprisonment. *Village of Lancaster* v. *Richardson*, 4 Lans. 136.

We are satisfied, however, that the word is susceptible of, and is frequently used in a broader sense than this, and as a generic term including both pecuniary and personal punishment, and that this is the meaning which should be ascribed to it as used in this statute. Penal laws are defined to be "those laws which prohibit an act and impose a penalty for the commission of it. They are of three kinds: *poena pecuniaria, poena corporalis,* and *poena exilii,*" Rapalje and Lawrence Law Dict., p. 945. Thus, if we may translate freely, three kinds of penalties are recognized which affect the pocketbook, the person, or the political status of the individual.

The Imperial Dictionary defines "penalty" as "the suffering in person or property which is annexed by law to the commission of a crime, offense or trespass as a punishment." To the same effect are the Encyclopaedic Dictionary, and the Century.

Bouvier says it is "the punishment inflicted by a law for its violation. The term is mostly applied to a pecuniary punishment."

Black says it is "A punishment; a punishment imposed by statute as a consequence of the commission of a certain specified offense."

Counsel for appellee in their brief filed in this cause, themselves use the word in this more general sense. The Supreme Court so use it in the case cited by them,

*State* v. *Wells, supra,* saying: " 'The general rule is that where a new statute covers the whole subject matter of an old one, adds new offenses and prescribes different penalties for those enumerated in the old law, then the former statute is repealed by implication.' "

General saving statutes such as this are by law imported into the subsequent repealing acts and obviate the necessity for individual saving clauses. *Commonwealth* v. *Sherman,* 85 Ky. 686; *State* v. *Kansas City, etc., R. R. Co.,* 32 Fed. 722.

All the cases cited by appellee, holding that the right of prosecution is lost by the repeal without a saving clause, arose prior to the enactment of the law of 1877, save *State* v. *Mason* alone, which was decided afterwards.

In that case, however, the effect of this statute was not considered, nor is any reference to it made therein. It cannot, therefore, be regarded as determinative of such effect.

That this decision was inadvertently rendered is recognized by the same court in the later case of *State* v. *Wells, supra,* where its authority upon the point now before us was expressly disclaimed, and where the applicability of said section 248 to prosecutions, such as this, is conceded.

Our conclusion, therefore, is that the right of prosecution was not lost by the repeal of the law under which the offense was committed, but the same was continued by said section 248.

Appellee urges the insufficiency of the information upon the ground that it only charges the offense in the language of the statute which did not define the, offense. It is sufficient to reply to this that counsel are evidently mistaken as to the fact. The information as set out in the record avers the facts constituting the libel fully and in detail, setting out the libelous mat-

ter with great particularity. That the malicious pub-
lication of the matters therein averred, if false, as de-
clared, was libelous *per se*, is not, in our opinion,
open to question.

No specific averments were necessary to make it ap-
pear that it was published of and concerning William
L. Paulus, and that if the publication tended to de-
grade him, expose him to public hatred and ridicule,
or deprive him of the benefits of public confidence, etc.
The article spoke for itself and made the charges di-
rectly against William L. Paulus by name, and they
were of such a character as necessarily tended to dis-
grace him and expose him to public hatred, ridicule
and distrust.

Judgment reversed.