BURK v. STATE OF INDIANA.

[No. 22,900. Filed June 7, 1916.]

CRIMINAL LAW.—*Statutes.—Repeal.—Liabilities.*—Where the legislature, while the defendant was awaiting trial on an indictment for burglary, enacted a new law reducing the penalty fixed for such offense by the statute then in force, such statute remained in effect for the purposes of the prosecution and the trial court properly imposed the penalty provided therein, since §248 Burns 1914, §248 R. S. 1881, provides that the repeal of a statute does not release or extinguish any liability incurred thereunder, unless the repealing statute clearly so provides.

Prosecution by the State of Indiana against Richard Burk. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Alva J. Rucker, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

ERWIN, J.—Appellant was, on May 4, 1915, convicted in a trial by jury of buglarizing a store

building in the city of Indianapolis. The trial court in passing sentence upon appellant fixed his punishment at imprisonment "in the Indiana Reformatory for a term of not less than ten years nor more than twenty years," together with disfranchisement for ten years and the payment of the costs of the prosecution. The indictment charged the burglary of a store building. The verdict of the jury found appellant guilty of burglary "as charged in the indictment," and found his age to be twenty-three years. After the judgment was rendered by the court fixing imprisonment at from ten to twenty years, appellant moved to modify the judgment by making it from two to fourteen years.

The legislature of Indiana at its 1915 session changed the penalty for the burglary of a store building and fixed it at from two to fourteen years. Acts 1915 p. 619. This act went into effect on April 20, 1915. This court in the case of Lefforge v. State (1891), 129 Ind. 551, 29 N. E. 34, passed upon the very question involved in this case. In that case the jury returned a verdict fixing the penalty at eight years. The act of March 7, 1891 (Acts 1891 p. 347) was in force at the time the jury returned its verdict. This act amended the former law, which fixed the maximum penalty at eight years for the crime charged in that case, and fixed the maximum penalty at five years. This court held that the verdict was wholly unauthorized, and that the law in force at the time of the trial controlled the penalty, and ordered a new trial. This authority is relied upon by appellant to sustain his position that the court should have modified its judgment and made it according to the act of 1915. The Attorney-General insists that §248 Burns 1914, §248 R. S. 1881, keeps in effect the former law governing this offense, and that for the purpose of this prosecution the old law, fixing the penalty

for burglary at from ten to twenty years, is still in force.

Section 248, *supra*, reads as follows: "Whenever an act is repealed which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." While it is true that *Lefforge* v. *State, supra,* seems to be in conflict with said section, as is also *State* v. *Mason* (1886), 108 Ind. 48, 8 N E. 716, yet in neither of said cases is there any reference to §248, *supra*, which was in effect at the date said decisions were rendered, and was evidently overlooked. The case of *State* v. *Mason, supra,* was discredited by this court in *State* v. *Wells* (1887), 112 Ind. 237, 13 N. E. 722, in an opinion by Mitchell, J., holding that §248, *supra*, saves the statute for the prosecution of a felony committed under a former act. The same doctrine is declared in *State* v. *Hardman* (1896), 16 Ind. App. 357, 45 N. E. 345; *Heath* v. *State* (1909), 173 Ind. 296, 298, 90 N. E. 310, 21 Ann. Cas. 1056; *United States* v. *Reisinger* (1888), 128 U. S. 398, 9 Sup. Ct. 99, 32 L. Ed. 480; *Lefforge* v. *State, supra,* overruled.

We are of the opinion that the court did not err in passing judgment fixing the penalty under the former law.

Judgment affirmed.

### CONCURRING OPINION.

Cox, C. J.—I concur in the affirmance of the judgment of the trial court, and I agree that the Lefforge case was, perhaps, not well decided, owing to a failure to give due consideration to the general saving statute then in force and now designated as §248 Burns 1914, *supra*, whether that failure was due to the section's being overlooked by the court, or to a belief that it applied only to civil statutes, is immaterial. I know of no case where this court has expressly refused to apply the saving force of the statute to a prosecution for crime, and a thorough consideration of the statute and its derivation must at once convince that it is not to be limited in its application to civil laws. There is nothing in the purview of the statute which gives indication that the legislative body in passing it intended to limit its application to acts of a civil nature; and the title given to it by the general assembly when it was passed evinces a purpose to make it apply to all subsequent acts of the legislature, whether civil or criminal, to save "any penalty, forfeiture or liability incurred under" a repealed statute. The title given to the act, *supra*, is, "An act declaring the effect of the repeal of statutes". This general saving statute was obviously derived from the act of Congress of February 25, 1871, c. 71, 16 Stat. at L. 432 (1 U. S. Comp. St. §13). And prior to the time of its adoption by our lawmaking body the federal statute had been construed by Mr. Justice Miller, sitting on circuit in the case of *United States* v. *Ulric* (1875), 3 Dill. 532, Fed. Cas. No. 16,594, to apply to criminal statutes. See, also, *United States* v. *Reisinger* (1888), 128 U. S. 398, 9 Sup. Ct. 99, 32 L. Ed. 480. So if there is doubt about the

scope of our §248, *supra*, that doubt would have to give way under the rule that, when a law is adopted from those of another jurisdiction, the construction which had been put upon it by the courts of the states or the country from which it was taken is deemed to have been adopted with it.

But the Lefforge case is somewhat different from the one now before us. In that case the court was dealing with a case where the criminal statute had been amended only, and amended solely in the matter of the penalty, which had been lessened. Acts 1891 p. 347. And in such circumstances the decision rendered in that case is supported by authority. The case with which we are now dealing, however, involves a new act entirely covering the subject-matter of burglary and repealing all laws in conflict with it. It defines burglary in the first degree and burglary in the second degree, both offenses unknown to our laws before, where the offense of burglary, while denounced by the statute, had never been divided into degrees. The act provides different penalties measured to the degrees of the offense declared. To such a situation §248, *supra*, is clearly applicable.

Note.—Reported in 113 N. E. 925. Statutes prescribing effect of repeal of criminal statute on prosecutions for prior offenses, 6 Ann. Cas. 891; 12 Cyc 956.