• PRUITT v. STATE OF INDIANA.

[No. 25,075. Filed June 25, 1926.]

1. INTOXICATING LIQUORS.—*Repeal of an earlier law by a subsequent law does not extinguish operation of the earlier law as to offenses committed before the latter was enacted.*—While the Prohibition Law of 1925 (Acts 1925 p. 144, §2714 *et seq.* Burns 1926) repealed the law of 1917 and its amendments, it did not have the effect of extinguishing the operation of the earlier act as to offenses committed before the passage of the act of 1925, but, under the provisions of §255 Burns 1926, the former remained in force for the purpose of enforcing the penalty for a violation thereof. p. 177.

2. INTOXICATING LIQUORS.—*Evidence held insufficient to identify defendant as party from whom liquor was purchased.*—Evidence *held* insufficient to identify the defendant as the party from whom liquor was purchased, it not being shown that the

purchase was at or near defendant's house and the witnesses to the purchase not being able to identify the defendant as the man that sold it. p. 181.

3. CRIMINAL LAW.—*Testimony that person who put liquor into witness' car was said to be defendant was no evidence of that fact.*—In a prosecution for unlawfully selling intoxicating liquor, testimony by a witness that did not know the defendant that the person who put the liquor in witness' car was said to be the defendant was no evidence of the fact that it was the defendant. p. 181.

From Martin Circuit Court; *Milton S. Hastings,* Judge.

James Pruitt was convicted of selling intoxicating liquor, and he appeals. *Reversed.*

*Robert L. Mellen* and *Fabius Gwin,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This is a prosecution by the State of Indiana, by affidavit, charging the appellant with unlawfully selling intoxicating liquor to Opal I. Jackson, and is based upon §1, ch. 23, Acts 1923 p. 70.

Upon a plea of not guilty, the cause was tried by a jury in the Martin Circuit Court, resulting in a verdict of guilty as charged in the affidavit, and fixing appellant's punishment at a fine of $100 and imprisonment in the county jail of Martin county for a period of ninety days. After a motion in arrest of judgment and a motion for a new trial had been filed and overruled, judgment was rendered on the verdict and from such judgment this appeal is taken.

Overruling appellant's motion in arrest of judgment and overruling his motion for a new trial are each assigned as error.

The charging part of the affidavit is as follows: "That on or about July 29, 1923, in the county of Martin and State of Indiana, James Pruitt, unlawfully sold intoxicating liquor to Opal I. Jackson, * * *."

In his motion in arrest of judgment, appellant alleges that the facts stated in the affidavit do not state a public offense because it is stated in the affidavit that the act constituting the offense sought to be charged, occurred on July 29, 1923, and the affidavit filed herein was sworn to and filed in this court on October 31, 1923, and said affidavit and prosecution was based on §1 of an act passed by the session of the legislature of 1923, the same being chapter 23, and which said act was approved and became effective on February 26, 1923. That said act so enacted, and on which the affidavit in this case was and is based, was, by act of the legislature of 1925, entirely and wholly repealed, and there was in the repeal of said act no saving clause saving causes being prosecuted under said act or offenses committed under said act, and the act under which the defendant was found guilty was not at said time an act of the legislature, and was not in force and effect, but was an entire nullity.

The appellant's contention cannot be sustained. Chapter 48 of Acts 1925 p. 144, by its enactment, did not extinguish the operation of cl. 23 of Acts 1923 p. 70, as to offenses committed before the passage of the act of 1925, but not prosecuted until the act of 1925 became effective. Section 255 Burns 1926, §248 Burns 1914, provides that, "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." See, also, *Heath* v. *State* (1910), 173 Ind. 296, 90 N. E. 310, 21 Ann. Cas. 1056; *Burk* v. *State* (1916), 185 Ind. 47,

113 N. E. 294; *State* v. *Lewis* (1924), 195 Ind. 344, 145 N. E. 496. The trial court did not err in overruling the motion in arrest of judgment.

The appellant contends that the verdict is not sustained by sufficient evidence and is contrary to law. Under this specification, the appellant alleges that there is no evidence that the appellant is the person who sold the liquor or delivered it to the persons who bought it. He contends that the evidence wholly fails to connect appellant with the transaction in any way. From the evidence it appears that on the date mentioned in the affidavit, three men, two of them being policemen in the city of Bedford, Indiana, and the third one being a member of a horse thief detective association were sent by a federal prohibition officer to the home of James Pruitt, to buy some white mule whisky from him. They went on the trip, starting in the night and returning the next morning, and brought a jug of whisky. Only two of these emissaries of the federal prohibition officer testified. One of them being a Bedford policeman and the other being a member of the horse thief detective association. It is not clear from the evidence of these witnesses that they went to the home of the appellant, but they went into Martin county, starting from Bedford and after traveling over bad roads for a while, one of them left the party and said he was going to get some whisky from Pruitt. He was gone a little while and returned with a jug of white mule whisky, which was put in the conveyance and one of the party paid for it. Neither witness could identify the appellant as the man who furnished the whisky that night.

The verdict rests upon the testimony of three witnesses, one being a federal prohibition agent, who said that he had heard that Jim Pruitt had been selling

whisky and he wanted to get something on him. That he sent three persons from Bedford down to Martin county to get something on Pruitt. Two of these persons testified in the trial of the case, and their testimony furnishes the only evidence concerning the identity of the accused in this case. Ollie Ikerd, one of these witnesses testified that they started on the trip from Bedford about 11:00 o'clock at night. That they passed through a town called Williams. That when near the town of Williams, they stopped down in the woods some place where the witness had never been before. At that point, Mr. Graham, one of the party, left the automobile and when he came back there was a man with him. That when Mr. Graham came back, he and the man went down the road together and we, who remained in the car, followed them. "I judge we went about five or six hundred yards, maybe not that far, when we stopped and got that jug of whisky or one just like it. It came out of the bushes or weeds along the roadside and was put in the car, not by Graham, but by the other man. I suppose this is the same jug, its the same size. Jackson paid the man for the whisky. I thought it was $20. After Jackson paid for it and it was put in the car, we took it back to Bedford. I don't know who put it in the car. I know who they said put it in the car. They said it was Jim Pruitt. It must have been close to 4:00 in the morning when we got back to Bedford. After the whisky was put in the car, I don't know what became of the man who put it in. As I remember, he was a man about five feet eleven, weighing probably 165 or 175 pounds, with a good growth of beard on his face, hadn't shaved for a month. I couldn't say about the mustache, he had a beard all over his face. You couldn't see him. He had on a blue shirt and a pair of over-

alls. Don't know that I heard him talk." At this point, the appellant was asked to stand up and the following questions were then put to the witness:

"Q. State to the jury whether or not this is the man you saw there that night. A. That would be hard for me to do. He don't look like he did that night.

"Q. State in your best opinion whether or not this is the man whom you saw at the car who helped load the whisky. A. He don't look like he did that night. I can't say positively that it was him or not. You couldn't see distinctly.

"Q. You couldn't say this is the man from whom you got the whisky, who put the whisky in the car, who came there with Mr. Graham? A. It doesn't look like the fellow did that night. I don't know."

The other witness who testified as to the identity of the accused was Opal I. Jackson. He testified to substantially the same facts as the witness Ikerd. This witness was then asked:

"Q. Who set the jug in the car? A. The man.

"Q. Who was the man? A. It was said he was James Pruitt is all I know.

"Q. Was he or was he not the man who you said came down to the car with Mr. Graham? A. He was as far as I know."

The defendant was ordered to stand up and the following questions were put to the witness Opal I. Jackson:

"Q. I will ask the witness to state whether or not this is the party from whom the whisky was got? A. I couldn't say that it was.

"Q. As to whether or not he resembles the man? A. He don't look like him a lot.

"Q. You are not able to state to the jury that this is the man from whom the liquor was got? A. That's hard to say. I couldn't tell. It's been a long time.

"Q. Did you at that time know Jim Pruitt. A. No, sir.

"Q. Had you ever seen him before that time? A. No, sir.

"Q. You have no knowledge of where you were when the car stopped except you were south of Williams? A. That's all."

There is no other evidence relating to the identity of the accused in this case. The evidence fails to show that the place in the woods where they stopped to get the whisky was at or near the home of James Pruitt, and there is no evidence of any fact occurring at the time of the purchase of this liquor tending to identify the appellant as the person from whom it was purchased. One of these witnesses says that the person who put the liquor in the car was said to be Jim Pruitt, and the witness also added, "that is all I know about it." It can hardly be said that the fact that someone stated that the person was said to be James Pruitt can be considered as evidence of the fact that it was Pruitt, especially, as in the trial of the case, the appellant was required to stand up, and each of the witnesses for the state failed to identify him. No facts are shown in evidence from which the jury could reasonably infer that the appellant was the person who sold the jug of whisky and put it in the car. The verdict is not sustained by sufficient evidence and is contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.