JAMES WILLIAM DOWDELL *v.* STATE OF INDIANA.

[No. 3-774A115. Filed November 5, 1975. Rehearing denied December 3, 1975. Transfer denied March 24, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

STATON, P.J.—James William Dowdell pleaded guilty to a robbery which occurred May 22, 1969. On August 21, 1969, Dowdell was sentenced to the Indiana State Reformatory for and indeterminate term of not less than ten (10) years nor more than twenty-five (25) years. Later on March 2, 1973, Dowdell filed a petition for post-conviction relief, asserting that his sentence was incorrect. The trial court corrected Dowdell's sentence to a term of not less than ten (10) years nor more than twenty (20) years and denied the remainder of the petition. Dowdell's motion to correct errors presents this sole issue: whether the trial court should have reduced his minimum sentence to five years as provided by a statute which became effective three days before his sentencing. We conclude that the trial court's sentence was correct, and we affirm.

On May 22, 1969, the date of the crime, the following statutes were in effect:

*Robbery:* "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years. . . ." IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).

*Commission of or attempt to commit crime while armed with a deadly weapon:* "Any person who being over sixteen [16] years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, or theft while armed with . . . any dangerous or deadly weapon . . . shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten [10] years nor more than twenty [20] years. . . ." Ch. 55, § 1, [1929] Ind. Acts 139, as amended by ch. 298, § 1, [1965] Ind. Acts 819 (now codified at IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974)).

Effective August 19, 1969, three days prior to Dowdell's sentencing, the sentencing provision of the Armed Felony statute was amended. The pertinent part of the amended statute provided that a person who commits any felony while armed "shall be imprisoned for a determinate period of not less than five [5] years nor more than thirty [30] years, if the penalty imposed upon the said felony is more than ten [10] years. . . ." Ch. 206, § 1 [1969], Ind. Acts 771[1] (now codified at IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974)).

Robbery is a lesser included offense of the commission of a felony while armed. *Taylor* v. *State* (1968), 251 Ind. 236, 236 N.E.2d 825; *Cross* v. *State* (1956), 235 Ind. 611, 137 N.E.2d 32. An individual convicted of the lesser included offense of robbery cannot constitutionally receive a greater sentence than he would receive for the greater offense of armed robbery. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815. At the time Dowdell entered a plea of guilty to the offense of armed robbery, the statutory penalty was a term of not less than ten (10) nor more than twenty (20) years. Thus, Dowdell had the constitutional right to a reduction of the maximum term of his sentence from twenty-five (25) years to twenty (20) years.[2] The trial court properly reduced his maximum sentence.

On August 18, 1969, the penalty for the greater offense of armed robbery was amended to a determinate term of not less than five (5) years nor more than thirty (30) years. The proper sentence for the crime of robbery then became an indeterminate term of not less than

---

1. In *Boyd* v. *State* (1971), 257 Ind. 443, 275 N.E.2d 797, the Supreme Court held that the penalty imposed upon the felony of robbery is more than ten (10) years within the meaning of this statute.

2. It should be noted that, effective September, 1971, the legislature remedied the unconstitutional penalty for robbery by amending the armed felony statute to provide a penalty of imprisonment for a determinate period of not less than ten (10) years nor more than thirty (30) years in all cases. IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974).

five (5) years nor more than twenty-five (25) years.[3] *DeWeese v. State* (1972), 258 Ind. 520, 282 N.E.2d 828; *LeFlore v. State* (1973), 157 Ind. App. 291, 299 N.E.2d 871. Dowdell now contends that his minimum sentence should have been reduced to a term of five (5) years because the minimum sentence for the greater offense of armed felony was so reduced three days before Dowdell's sentencing.[4]

The general rule is that the law in effect at the time the crime was committed is controlling. *Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538; *Dembowski, supra.* This rule is constitutionally required in the case that a penalty is increased *ex post facto* by amendment after the commission of the crime. *Dembowski, supra.* An exception to the general rule is recognized, in other jurisdictions[5] and at least in dicta in previous Indiana cases,[6] when punishment is lessened by amendment after the commission of the crime.

If a statutory amendment mitigates the punishment, there is no constitutional obstacle in the way of applying an amendment effective after the commission of the crime. However, it is a legislative function and not a judicial function to set the amount of the punishment

---

3. In *DeWeese v. State* (1972), 258 Ind. 520, 282 N.E.2d 828, the defendant committed the crime, was tried, and was sentenced all while the 1969 amendment was in effect. Constitutionally, the penalty for robbery could not be greater than the penalty for the greater offense of armed felony. *Dembowski, supra.*

4. Final judgment is entered at the time of sentencing. *McMinoway v. State* (1973), 260 Ind. 241, 294 N.E.2d 803. Indiana courts have consistently held that amendments effective after final judgment have no effect on the sentence imposed. See *Puckett v. State* (1975), 163 Ind. App. 631, 325 N.E.2d 505.

5. *See, e.g., In re Estrada* (1965), 63 Cal.2d 740, 48 Cal. Rptr. 172, 408 P.2d 948; *People v. Oliver* (1956), 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197.

6. *See, e.g., Hicks v. State* (1898), 150 Ind. 293, 294, 50 N.E. 27, quoted in *Jackson v. State* (1971), 257 Ind. 477, 484, 275 N.E.2d 538, 542, wherein the Court stated: "Punishment may be lessened, but it cannot be increased, constitutionally, by statute enacted after the commission of the offense." In both *Jackson* and *Hicks*, the Courts were concerned with increased penalties, so the statement about lessening punishment was only dicta.

for a crime, within the constitutional limitations. *Dembowski, supra.* While the penalty must not be excessive and must be proportioned to the nature of the offense, this does not mean that this Court can alter a penalty merely because it seems harsh or merely because we feel a different penalty would be more appropriate. We are bound by the legislature's determination of the appropriate penalty, so long as that penalty is constitutional.

We must determine whether the legislature intended that the statute as amended in 1969 should be applied to an offense committed before its enactment. The legislature failed to specify in the 1969 amendment when the punishment imposed should be applied. Legislative intent must therefore be discovered from sources other than the express language of the amended statute.

One source of legislative intent is the general savings statute,[7] which by law is imported into all subsequent repealing or amending acts and obviates the necessity for individual savings clauses. *State v. Hardman* (1896), 16 Ind. App. 357, 45 N.E. 345. This section was enacted to indicate the legislative intent when no intent is expressed or necessarily implied. *State ex rel. Milligan v. Ritter's Estate* (1943), 221 Ind. 456, 48 N.E.2d 993. However, when the intent of the legislature is clear, we need not rely on the intent expressed in the savings statute.

---

7. IC 1971, 1-1-5-1, (Burns Code Ed.) provides:

"And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

As appellant points out, most of the cases that have dealt with the savings statute have been concerned with the preservation of the State's right to prosecute under the repealed or amended act, not with the precise question of the preservation of the penalty imposed under the repealed or amended act. *See, e.g., State v. Hardman* (1896), 16 Ind. App. 357, 45 N.E. 345; *State v. Lewis* (1924), 195 Ind. 344, 145 N.E. 496. However, in *Burk v. State* (1916), 185 Ind. 47, 113 N.E. 294, the Supreme Court seems to have reached the precise issue of preservation

We find a clear statement of the legislature's intent in the provisions of the amending statute. The 1969 amendment increased the maximum penalty for the crime of armed felony at the same time it decreased the minimum time. The 1969 amendment was not an ameliorative amendment. *See Holguin* v. *State* (1971), 256 Ind. 371, 269 N.E.2d 159. In determining whether one sentence is greater than another, the maximum severity of the penalty and not the possible duration of imprisonment is the measure to be used. *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812; *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786; *Barbee* v. *State* (1973), 156 Ind. App. 431, 296 N.E.2d 884. The 1969 amendment increased the maximum punishment for the crime of armed felony from twenty (20) years to thirty (30) years.

Since the 1969 amendment was not an ameliorative amendment, but in fact imposed a more severe penalty than was previously imposed for the crime of armed felony, we find expressed in it the intent of the legislature that the amendment not be applied to crimes committed prior to its effective date.[8] We must presume that the

of the penalty under the former statute in spite of a subsequent amendment to the statute decreasing the penalty. In *Burk*, the defendant committed the crime of burglary while the statutory penalty of ten (10) to twenty (20) years was in effect. While the defendant was awaiting trial, the legislature amended the burglary statute to lessen the penalty to two (2) to fourteen (14) years. The Court held that the trial court did not err in "fixing the penalty" under the statute in effect when the crime was committed. As the concurring justice pointed out, the amended statute established degrees of burglary theretofore unknown in the law. Thus, in spite of the Court's language referring to penalties, it may be that the Court was truly affirming the State's right to prosecute under the former statute, which right was preserved by the savings clause. Because we do not find *Burk* a strong precedent, we choose not to base our holding on that case.

8. If the legislature had enacted an ameliorative amendment, the application of which would be constitutionally permissible to persons who had committed the crime prior to its effective date, we would be willing to find a statement of legislative intent to apply the sentencing provisions of that ameliorative statute to all persons to whom such application would be possible and constitutional. Article I, section 18, of the Indiana Constitution provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice." If

legislature intends to follow the Constitution. To apply the increased penalty under the 1969 amendment to one who committed the crime prior to the effective date of the 1969 amendment would be an unconstitutional imposition of an *ex post facto* penalty. Thus, the legislature must have intended that the amended penalty not be applicable to crimes committed prior to its enactment.

This intent is supported by the provisions of the general savings statute and, further, by the rule of statutory construction that, when there is nothing to indicate a contrary intent in a statute, it will be presumed that the legislature intended the statute to operate prospectively and not retroactively. *See Malone* v. *Conner* (1963), 135 Ind. App. 167, 189 N.E.2d 590.

We conclude that the modification of Dowdell's sentence to an indeterminate term of not less than ten (10) years nor more than twenty (20) years is proper.[9] This was the punishment which was proper at the time the crime was committed. This is the punishment which the legislature must have intended be applied until such time as the amended sentence could constitutionally be imposed.

Affirmed.

Hoffman, J., and Garrard, J., concur.

NOTE.—Reported at 336 N.E.2d 699.

there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes.

9. This decision is consistent with the decision of the Indiana Supreme Court in *Jackson* v. *State* (1971), 257 Ind. 477, 275 N.E.2d 538, in which the Court, on substantially similar facts, modified Jackson's sentence to an indeterminate term of not less than ten (10) nor more than twenty (20) years. Jackson committed the crime of robbery prior to the effective date of the 1969 amendment, but was tried and convicted after the effective date of the amendment.