**Thomas DAVIS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 279S42.

Supreme Court of Indiana.

Oct. 2, 1979.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This case is before us on petitioner-defendant's appeal from the denial of his petition for post-conviction relief pursuant to Post-Conviction Relief Rule 1. He now appeals raising the following issues:

1. Whether the trial court erred in applying the sentencing provisions of Burns Ind.Stat.Ann. § 10–3404 (1956 Replacement) rather than applying the amendments in Acts 1969, ch. 95, § 1, p. 214 as found in Ind.Code § 35–1–54–1 (Burns 1975); and

2. Whether the trial court erred in holding that petitioner was properly sentenced when the jury did not state the sentence in its verdict.

The facts relevant to these issues follow.

On March 26, 1969, an indictment was returned charging petitioner with the murder of Otis Humphries, Jr., on February 17, 1969. Trial commenced on December 2, 1969. Petitioner was convicted of murder in the second degree on December 5, 1969. He was sentenced to life imprisonment on December 31, 1969. This Court affirmed the conviction on August 9, 1971. *Davis v. State*, (1971) 257 Ind. 46, 271 N.E.2d 893.

On March 8, 1969, the Indiana General Assembly amended Burns Ind.Stat.Ann. § 10–3404 (1956 Replacement). The 1969 Acts were promulgated on August 18, 1969. Ind.Code, Session Laws—Promulgation Dates, vol. 1, p. xxx (1976 Ed.)

## I.

Petitioner urges that the trial court erroneously applied the following statute: *"Murder—Second degree.*—Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life." Burns Ind. Stat.Ann. § 10–3404 (1956 Replacement). He argues that the statute should be applied as amended in 1969, adding the following to the above language:

"or shall be imprisoned in the state prison not less that fifteen [15] nor more than twenty-five [25] years." Acts of 1969, ch. 95, § 1, p. 214; later codified as Ind.Code § 35–1–54–1 (Burns 1975).

Petitioner contends that the trial court should have applied the so-called "doctrine of amelioration" in reviewing his sentence at the post-conviction hearing. This doctrine was initially developed in the Indiana Court of Appeals and adopted by this Court in *Lewandowski v. State*, (1979) Ind., 389 N.E.2d 706. The doctrine was first applied in *Maynard v. State*, (1977) Ind.App., 367 N.E.2d 5, but that case relied on the dicta

of both *Wolfe v. State*, (1977) Ind.App., 362 N.E.2d 188, and *Dowdell v. State*, (1975) 166 Ind.App. 395, 336 N.E.2d 699. In *Dowdell*, Judge Staton wrote:

"If the legislature had enacted an ameliorative amendment, the application of which would be constitutionally permissible to persons who had committed the crime prior to its effective date, we would be willing to find a statement of legislative intent to apply the sentencing provisions of that ameliorative statute to all persons to whom such application would be possible and constitutional. Article I, section 18, of the Indiana Constitution provides: 'The penal code shall be founded on the principles of reformation, and not of vindictive justice.' If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes." 166 Ind.App. at 401–2 n. 8, 336 N.E.2d at 702 n. 8.

In reviewing the statutes involved in the case at bar it does not appear that the legislature expressly decided that life imprisonment was too severe. Although a lighter punishment was provided in the alternative, the legislature retained life imprisonment as an appropriate sentence for murder in the second degree.

Furthermore, *Maynard v. State, supra,* and *Lewandowski v. State, supra,* dealt with statutory enactments with no specific saving clauses. This Court has held that the new criminal code, which contains a specific saving clause providing that prosecutions begun prior to October 1, 1977, shall be prosecuted under prior law, does not apply retroactively. *Lynk v. State,* (1979) Ind., 393 N.E.2d 751; *Rogers v. State,* (1979) Ind., 383 N.E.2d 1035. See also *Watford v. State,* (1979) Ind., 384 N.E.2d 1030, in which this question was left open, but

petitioner's position was labeled "questionable" in light of the new criminal code's saving clause. 384 N.E.2d at 1032. The second degree murder statute involved here contained the following clause:

"This amendment [to 35–1–54–1] shall not affect any prosecutions pending or offenses heretofore committed under existing laws, and such prosecutions and offenses shall be continued and prosecuted to final determination, as if this act had not become law." Acts 1969, ch. 95, § 2, p. 214–5; Ind.Code § 35–1–54–2 (Burns 1975).

The prosecution in the case at bar commenced on March 26, 1969, well before the August 18, 1969, promulgation date. The crime was committed on February 17, 1969, even before the date on which the statute was approved, March 8, 1969. We find that the trial court correctly determined that the earlier statute was applicable to defendant's sentencing.

### II.

■ Petitioner's next allegation of error is that he was wrongly sentenced because the jury did not state in the verdict the sentence to be imposed as required by Ind. Code § 35–8–2–1 (Burns 1975). This Court has held that if the trial court has given a defendant the minimum sentence, failure to follow this statute is harmless error. *Kelsie v. State,* (1976) 265 Ind. 363, 354 N.E.2d 219. Here, defendant could get only one sentence, life imprisonment, and, therefore, any error stemming from the failure of the jury to state the sentence is harmless.

For the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.