## THE STATE v. HENNING.

[No. 19,723.    Filed March 14, 1902.]

RECORDS.—*Satisfaction of Judgment by Attorney at Law.*—An attorney at law, acting under an employment, may lawfully receive for his client payment, and may enter satisfaction of a judgment, and the entry of satisfaction thus made is a "record authorized by law" within the meaning of §2016 Burns 1901.  *p. 197.*

ALTERING PUBLIC RECORD.—*Satisfaction of Judgment.—Indictment.—* An indictment for altering a public record, to wit, a satisfaction of a judgment entered by an attorney, is insufficient unless it is specifically set forth that the entry was in fact made by an attorney duly authorized to make it.  *p. 198.*

From Perry Circuit Court; *E. M. Swan*, Judge.

Edward C. Henning was indicted for altering a public record. The indictment was quashed, and the State appeals. *Affirmed.*

*W. L. Taylor*, Attorney-General, and *P. Zoercher*, for State.

*W. A. Land, C. A. Weathers* and *O. C. Minor*, for appellee.

HADLEY, J.—Appellee was indicted for altering a public record. The indictment was quashed, and the State appeals. The sufficiency of the indictment is the only question before us. It is based on §2016 Burns 1901, which, so far as applicable, reads thus: "Whoever maliciously, mischievously, or fraudulently alters, defaces, injures, mutilates, or destroys the whole or any part of any record authorized to be made by any law of this State, belonging or pertaining to any court of record, * * * or any paper, pleading, exhibit, or other writing filed with, in, or by any such court, office, or officer, shall be imprisoned," etc.

The indictment in substance charges: That on or about the 18th day of March, 1901, at the county of Perry and State of Indiana, Edwin C. Henning did then and there unlawfully, feloniously, and fraudulently, alter, deface, and

mutilate a certain record authorized by the laws of this State to be made, to wit, the indorsement of payment and satisfaction of a certain judgment of $140.50 against Clark School Township in favor of John Grossius' Sons, on the record of the Perry Circuit Court, namely, civil order book P, page 357, in said county and State, which record of indorsement of payment and satisfaction reads as follows, to wit: "Rec'd payment in full on the within judgment this 1st day of Aug. 1898, being in the sum of $140.50 from clerk. Henning & Henning, Attys. for plaintiff. Received of Dr. Wm. Lomax, trustee, the sum of one hundred and forty dollars and fifty cents in full this 1st of Aug. 98. Jas. A. Hargis, clerk." The said Edwin C. Henning, then and there unlawfully, feloniously, and fraudulently scratching out, erasing, and changing the wording and writing of said indorsement of payment and satisfaction of said judgment to read as follows, to wit: "Rec'd payment in full on the within judgment this 1st day of Jany. 1901, being in the sum of $140.50 from clerk. Henning & Henning, Attys. for plaintiff. Received of Dr. Wm. Lomax, trustee, the sum of one hundred and forty dollars and fifty cents in full this 1st of Jany. 1901. Jas. A. Hargis, clerk,"—contrary, etc.

One of appellee's contentions is that the indorsement of payment and satisfaction on the record of a judgment is not a record, within the meaning of §2016 Burns 1901. The statute is directed against the alteration of *any record* authorized to be made by any law of this State, belonging or pertaining to any court of record. It pertains to a court of record, when one of its judgments, binding upon the debtor's property, has been paid, that the fact of payment and satisfaction shall be entered upon the record of the judgment, by some one empowered to do so. An attorney at law, acting under an employment, may lawfully receive for his client payment, and may enter satisfaction of a judgment. §980 Burns 1901. Payment and satisfaction may

be otherwise legally acknowledged, so as to release the lien of a judgment, as provided by §590 Burns 1901, which reads thus: "Every indorsement of payment, satisfaction or release, in whole or in part, upon the record or margin thereof of any judgment or decree, * * * signed by the judgment plaintiff or his attorney of record or attorney in fact, or by the assignee of such judgment plaintiff * * * shall operate as a satisfaction or release of such judgment or decree, or of such part thereof so indorsed as paid, satisfied or released in favor of subsequent purchasers or lien holders in good faith."

A record is "a memorial of what has been done; authentic written evidence, considered as either public or private, but usually public." Anderson's Law Dict., p. 860. "A writing by which some act, or event, or a number of acts, or events, is recorded." Webster's Int. Dict., p. 1200. By authorizing an attorney to receive payment and enter satisfaction of a judgment for his client, and by giving legal efficacy to an entry, or record, of payment and satisfaction, on the margin or record of a judgment, when made by the judgment plaintiff, or his attorney of record or in fact, or by his assignee, is a distinct recognition of the right of such persons to make such a record, and the same must therefore be held to be a record authorized to be made by a law of this State, and within the scope of said §2016 Burns 1901.

But such a record can only be made by a person duly authorized to make it. It is alleged in the indictment that the record which defendant altered "reads as follows: Rec'd payment in full on the within judgment this 1st day of Aug. 1898, being the sum of $140.50 from clerk. Henning & Henning, Attys. for plaintiff." We are not informed by the pleader that the entry of payment was in fact made by Henning & Henning, or that Henning & Henning acted as attorneys at law for Grossius' Sons in procuring their judgment, or that they are such attorneys of record, or that they were subsequently employed as such attorneys to receive

and indorse payment thereof, or that they were empowered as attorneys in fact.    And how· is this court to know that Grossius' Sons were plaintiffs in the action in which the judgment was rendered in their favor, and that "Attys. for plaintiffs" means attorneys for Grossius' Sons ?    That Henning & Henning had authority to make the indorsement, or record of payment, is thus wholly left to conjecture, and this we cannot indulge in support of a criminal charge.

The same uncertainty exists as to the second indorsement. Affixing the word "clerk" to the name Jas. A. Hargis did not make Hargis clerk of the Perry Circuit Court, nor show any authority in him to execute the writing that appears above his name.

For failure to show by averment that the writing alleged to have been altered by the defendant was a record authorized by law, the indictment was rightly held to be insufficient.

Judgment affirmed.