## STATE OF INDIANA v. FLEMING.

[No. 22,907.   Filed February 1, 1916.]

RECORDS.—*Alteration of Public Record.—Search Warrant.*—A search warrant is not of itself a public record and there is no statute requiring such instrument to be recorded; nor is it, in the hands of one directed to execute it, a "paper, pleading, exhibit or other writing filed with, in or by" a court of record, justice of the peace, or any State, county, township or municipal officer, within the meaning of §2278 Burns 1914, Acts 1905 p. 584, §386, defining the offense of altering public records, etc.; hence a prosecution under that statute will not lie against one who, without authority, changed a search warrant, after its delivery to the officer and before execution, by substituting the name of another in the place of the person against whom the warrant was originally directed.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Prosecution by the State of Indiana against William J. Fleming. From a judgment quashing the affidavit, the State appeals. *Affirmed.*

*Richard M. Milburn,* Attorney-General, *Harry Helwig, Omer S. Jackson, Benton J. Bloom, Wm. F.*

*McNagny, Rob. R. McNagny* and *Phil. M. Mc-Nagny*, for the State.

*Gates & Whiteleather*, for appellee.

Cox, J.—This is an appeal by the State from a judgment based on the action of the circuit court in sustaining a motion made in behalf of appellee to quash an affidavit purposed to charge him with a violation of §2278 Burns 1914, Acts 1905 p. 584, §386, which defines and provides a penalty for the offense of altering, defacing or destroying public records. This section reads as follows: "Whoever, maliciously, mischievously or fraudulently alters, defaces, injures, mutilates or destroys the whole or any part of any record, authorized to be made by any law of this state, belonging or pertaining to any court of record, justice of the peace, or any state, county, township or municipal office or officer, or any other public record so authorized, or any paper, pleading, exhibit or other writing filed with, in or by any such court, office or officer, shall, on conviction, be imprisoned in the state prison not less than six months nor more than fourteen years, fined not exceeding one thousand dollars and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The affidavit is very long and a consideration of the lower court's ruling does not make it necessary to set it out. It appears from its averments that appellee filed with a justice of the peace of Columbia Township, Whitley County, an affidavit for a warrant for the search of the premises of one Thomas Slessman for certain illegal fishing devices or implements; that the justice issued the search warrant and delivered it to a constable for execution; that after its delivery to the constable and before it was executed by him appellee, without authority from

the justice so to do, changed the search warrant by marking out with ink the name Thomas and writing instead the name Jacob so that it purported to authorize a search of the premises of one Jacob Slessman; that appellee made this change with the knowledge of the constable but over his objection; that after the change was made the constable and appellee searched the premises of Jacob Slessman and failed to find the illegal articles.

It is instantly apparent that the search warrant was not a public record in any sense and therefore not within the statute so far as it denounces an alteration or destruction of a public record. A search warrant is not of itself a public record nor is there any statute or other authority for recording it. *State* v. *Henning* (1902), 158 Ind. 196, 63 N. E. 207. So the inquiry is narrowed to the question whether a search warrant in the hands of one directed to execute it is a "paper, pleading, exhibit or other writing filed with, in or by any such court, office or officer" (that is, "court of record, justice of the peace or any state, county, township or municipal officer"). The section contemplates the protection of public records and of papers of near importance which are not to be recorded but which are required by law to be filed and preserved as public files. *In re Corryell* (1863), 22 Cal. 178. The Constitution provides that no search warrant shall issue but upon affidavit of probable cause and a particular description of the place to be searched and the thing or person to be seized. Constitution, Art. 1, §11. Section 1924 Burns 1914, Acts 1905 p. 584, §57, provides that such an affidavit shall be filed with a justice of the peace, whereupon the search warrant may be issued by the justice, but no provision at all is made for the filing of the latter, nor indeed for any return except in case the property or

thing sought is found and seized, which property is to be delivered by the justice to the county sheriff. Not only is there no provision contemplating or requiring the filing of the warrant, but it has none of the character of permanent files of those papers within the meaning of §2278, *supra*. The court did not err in sustaining appellee's motion to quash and the judgment is affirmed.

Morris, C. J., dissents.

NOTE.—Reported in 111 N. E. 310. As to what constitutes "uttering" under the law by which forgery is punishable, see 119 Am. St. 317. See, also, 34 Cyc 615.