## WALKER *v.* STATE OF INDIANA.

[No. 24,287.   Filed January 9, 1924.   Rehearing denied March 19, 1924.]

1. INTOXICATING LIQUOR.—*Possession Not a Criminal Offense.— Statute.*—Under the Prohibition Law of 1917 (Acts 1917 p. 15, §8356d Burns' Supp. 1921), the mere possession of intoxicating liquor did not constitute a criminal offense, and a count of an affidavit or indictment merely charging the possession of intoxicating liquor should have been quashed.   p. 403.

2. INTOXICATING LIQUOR.—*Search Warrant.—Defective.—Evidence Procured by.—Search of Co-defendant's Premises.*—A defendant on trial for manufacturing intoxicating liquor cannot object to questions propounded to witnesses intended to elicit information obtained by unlawful search of a co-defendant's premises.   p. 403.

3. INTOXICATING LIQUORS.—*Criminal Prosecution.—Cross-Examination of Defendant as to Husband's Guilt and Conviction.— Irrelevant.*—In a prosecution for manufacturing intoxicating liquor, cross-examination of defendant as to removal of a still from her husband's home on a former occasion, and whether he had been convicted of violating the liquor law, was improper as referring to irrelevant matters.   p. 405.

4. CRIMINAL LAW.—*Affidavit Containing Good and Bad Counts. —Appeal.—Judgment Assumed to be on Good Count.*—Where the affidavit charging a criminal offense contains both a good and a bad count, it may be assumed on appeal that the judgment rests on the good count.   p. 406.

5. CRIMINAL LAW.—*Appeal.—Review.—Cross-Examination of Defendant as to Irrelevant Matters.—Harmless Error.*—Cross-examination of defendant charged with manufacturing intoxicating liquor as to prior removal of a still from her husband's home and his conviction of violating the liquor law, while improper, *held* not to require the reversal of the judgment where it affirmatively appeared from the record, to the satisfaction of the court, that the evidence elicited by the cross-examination exerted no special influence over the verdict of the jury.   p. 406.

From Vanderburgh Circuit Court; *Phillip C. Gould,* Judge.

Nona Walker was convicted of possessing, manufacturing, possessing with intent to sell, and possessing a still for the manufacture of, intoxicating liquor, and she appeals. *Affirmed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *George D. Heilman,* for the State.

MYERS, J.—Appellant and another were charged by affidavit and convicted in the court below of unlawfully possessing intoxicating liquor, of unlawfully manufacturing intoxicating liquor, of unlawfully possessing intoxicating liquor with intent to sell the same, and of unlawfully possessing a still and device for the manufacture of intoxicating liquor intended for use in violation of the laws of this state. Appellant prosecutes this appeal for the reversal of a judgment assessing a fine of $200 and imprisonment against her.

The errors assigned call in question the action of the court in overruling appellant's motion to quash the first count of the affidavit, and in overruling her motion for a new trial.

The first count charged the mere possession of intoxicating liquor, and it was error to overrule the motion to quash that count. *Ward* v. *State* (1919), 188 Ind. 606; *Reed* v. *State* (1920), 189 Ind. 98; *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180; *Powell* v. *State* (1923), 193 Ind. 258, 139 N. E. 670; *Reinchild* v. *State* (1923), 193 Ind. 702, 139 N. E. 673; *Asher* v. *State* (1923), 193 Ind. 701, 139 N. E. 674; *Dressler* v. *State* (1923), *ante* 8.

The causes relied on in support of the motion for a new trial are: error of the court in permitting witnesses, over her objection, to testify concerning what they procured or seized, what they saw and were told, while upon the premises of her codefendant. Also error in requiring appellant to answer questions on cross-examination pertaining to the alleged removal of a still from her husband's home in March

or April before, and whether he had been theretofore convicted of violating the liquor law.

It appears from the evidence that the sheriff of Vanderburgh county, armed with a search warrant issued upon a *John Doe* affidavit, and three deputies went to the home of this appellant's codefendant, and, acting upon the authority of such warrant, they proceeded to search the premises supposed to be described in the warrant. However, before proceeding with this work, the sheriff read the warrant to the wife of the husband who had possession of the premises, and then on seeing the husband near the barn told him that he had a search warrant "for the house", and asked him if he had a still. He replied that he had, and to the question "Whose still is it?" he said, "It is Walker's", and to the further question, "What are you doing with it over here?" he said, "I am to get fifty-fifty split. I watch the still, and when Mrs. Walker goes away, I run the still." The Walker home was across the road and to the southwest, and they were sent for. On their arrival, Mrs. Walker, this appellant, claimed the still as her own, and, at the trial, testified that the still belonged to her; that she bought it and arranged with Mr. Wesselman, in whose home it was found, to run it on a fifty-fifty basis; that she expected to sell the liquor to the man from whom she bought the still, but had not seen him since she purchased it; that she had made eight gallons of liquor; that her husband was a coal miner, out of work, and in hard luck, and that she had bought the still and made the arrangement spoken of without the knowledge or consent of her husband. It appears from the testimony of the officers making the search that besides the still, two hundred gallons of mash, jugs and intoxicating liquor were found on the premises.

The affidavit upon which the search warrant was is-

sued was introduced in evidence, but the warrant could not be found. Objections were interposed to all questions calling for answers relating to any matter in which information was obtained by virtue of the search warrant, on the ground that it was obtained upon an insufficient affidavit. If it be conceded that the affidavit was insufficient, and that the search warrant was illegal, still appellant was in no position to claim the immunity the law affords against illegal search and seizure. The evidence proposed to be introduced was not obtained by any of the witnesses by the invasion of her home by virtue of the pretended process in question. It was Wesselman's home that was searched. It was he who was wronged, if any one, by the asserted illegal and unlawful acts of the officers and a question purely personal to him. Chanosky v. State (1915), 52 Okla. 476, 153 Pac. 131; United States v. Wihinier (1922), 284 Fed. 528. Had Wesselman moved to suppress, or objected to the introduction of the evidence procured by the search warrant issued upon the showing made by the affidavit, and he was here asking a review of the trial court's ruling admitting that evidence, we would have a very different question, and Veeder v. United States (1918), 252 Fed. 414, 418, 164 C. C. A. 338; Ripper v. United States (1910), 178 Fed. 24, 101 C. C. A. 152; Giles v. United States (1922), 284 Fed. 208; People v. Markhausen (1919), 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505; Callender v. State (1923), 193 Ind. 91, 138 N. E. 817; Flum v. State (1923), 193 Ind. 586, 141 N. E. 353; Crabbs v. State, supra; and State v. Derry (1908), 171 Ind. 18, 24, 131 Am. St. 237, are cases which might be considered well in point.

With reference to the cross-examination of which complaint is made, it is clear from anything here 3. shown that it had reference to matters entirely irrelevant and therefore improper from any point

of view. But, is the error one justifying us in reversing the judgment? Appellant was found guilty on each of the four counts and fined $200 on each count, except the first, where the fine was $100, but imprisonment for sixty days was added in the verdict on each count. The judgment imposed a fine of $200 and imprisonment for sixty days.

In view of the entire evidence and the judgment as finally rendered in this case, we are well convinced that a retrial would not result more favorably to appellant. Assuming, as we may, that the judgment rests upon the good counts and not upon the bad (*Wallace* v. *State* [1920], 189 Ind. 562), and it affirmatively appearing from the record to our entire satisfaction that the erroneous evidence admitted upon cross-examination of appellant exerted no special influence over the verdict of the jury or was otherwise prejudicial to the rights of appellant, but that, in reality, a fair and impartial trial was had and a just conclusion reached, a reversal of the judgment under these circumstances ought not to follow. §2221 Burns 1914, Acts 1905 p. 584, §334; *Sanderson* v. *State* (1907), 169 Ind. 301, 315; *Stalcup* v. *State* (1896), 146 Ind. 270, 275; *Griffiths* v. *State* (1904), 163 Ind. 555, 560.

Judgment affirmed.