## STATE OF INDIANA *v.* LEWIS.

[No. 24,590.    Filed November 12, 1924.]

1. INTOXICATING LIQUORS.—*Statute.*—*Sufficiency of Title.*—The title to the prohibition law of 1917 (Acts 1917, ch. 4, p. 15) which was "An act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions," was sufficient to cover the amendment of Acts 1921, ch. 250, p. 736 prohibiting possession of liquor with intent to sell.    p. 344.

2. INTOXICATING LIQUORS.—*Offenses.*—*Charge in Language of Statute.*—The offense of keeping liquor with intent to sell is sufficiently charged in the language of the statute (Acts 1921, ch. 250, p. 736).    p. 344.

3. INTOXICATING LIQUORS.—*Statute.*—*Amendment after Offense.*—The fact that the offense with which the defendant was charged was omitted from an amending statute passed after the commission of the offense and before trial, is not a ground for quashing the indictment.    p. 345.

From Clark Circuit Court; *James W. Fortune,* Judge.

David Lewis was prosecuted for a violation of the prohibition law. The affidavit was quashed by the trial court, and the State appeals. *Reversed.*

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Dale F. Stansbury,* for the State.

EWBANK, J.—An affidavit was filed against appellee which charged that on December 8, 1922, at a place named, he and another did "unlawfully have and keep in their possession intoxicating liquor with intent then and there unlawfully to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to the affiant unknown." Appellee filed a motion to quash this affidavit for the alleged reasons that the facts stated did not constitute a public offense, and that the affidavit did not state the offense with sufficient certainty, which motion was sustained by the trial court. Appellee has not favored us with a brief, but the brief of appellant states that the mo-

tion was sustained on the theory that the title of the prohibition law (Acts 1917, ch. 4, p. 15) was not comprehensive enough to embrace the provisions of §4 of that act, as amended by §1, Acts 1921 p. 736, forbidding the possession of intoxicating liquor with intent to sell, etc., in the language used in the affidavit.

The title referred to was "An act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions." This title was sufficient to embrace the provisions in question. *Zoller* v. *State* (1920), 189 Ind. 114, 126 N. E. 2; *James* v. *State* (1919), 188 Ind. 579, 125 N. E. 211; *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147. And a charge in the language of the statute sufficiently described the offense. *Meno* v. *State* (1924), (Ind.) 142 N. E. 382, 148 N. E. 420.

The fact that before this cause came on for final action by the trial court the said act of 1921 had been amended by §1, Acts 1923 p. 70, which does not

3. make it a public offense to have possession of intoxicating liquor with intent to sell, etc. (*Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16), was not cause for quashing the indictment. The offense being alleged to have been committed on December 8, 1922, when the act of 1921 was in force, its subsequent amendment so as to repeal some of its provisions could not shield appellant from prosecution for an offense committed while it was in force. §248 Burns 1914, §248 R. S. 1881; *State* v. *Wells* (1887), 112 Ind. 237, 243, 244, 13 N. E. 722; *Heath* v. *State* (1910), 173 Ind. 296, 298, 90 N. E. 310, 21 Ann. Cas. 1056; *Burk* v. *State* (1916), 185 Ind. 47, 49, 113 N. E. 925.

The judgment is reversed, with directions to overrule the motion to quash the affidavit, and for further proceedings.