## McDaniel *v.* State of Indiana.

[No. 24,343.    Filed October 30, 1925.]

1. INTOXICATING LIQUORS.—*Affidavit charging transportation as a misdemeanor held sufficient.*—An affidavit charging that accused "did then and there unlawfully transport certain intoxicating liquor in a certain automobile," etc., sufficiently charged transportation as a misdemeanor, under Acts 1921 p. 736, §1. p. 656.

2. INTOXICATING LIQUORS.—*In charging unlawful transportation it is not necessary to negative exceptions.*—In charging the offense of transportation under Acts 1921 p. 736, §1, and Acts 1917, ch. 4, p. 15, of which it is an amendment, it is not necessary to negative the exceptions found in subsequent sections of the statute; it is enough to charge that the act was done "unlawfully," the exceptions being a matter of defense.    p. 656.

3. INTOXICATING LIQUORS.—*Mere possession of liquor was not an offense in December, 1922.*—A count of an affidavit charging the unlawful possession of intoxicating liquor on December 26, 1922, did not charge a public offense and should have been quashed on motion, as mere possession of liquor was not an offense at that time.    p. 656.

4. INDICTMENT.—*A count of an affidavit reciting a former conviction does not state an offense.*—A count of an affidavit charging a violation of the prohibition law which does not allege that defendant had done any act in violation of law, but charged a previous conviction as appearing from a designated page of the records of the court, does not state a public offense and should have been quashed on motion.    p. 656.

5. CRIMINAL LAW.—*The repeal of a penal statute does not affect the right to prosecute thereunder to final judgment.*—The fact that a statute under which a prosecution was begun was superseded by a later act, does not affect the right to prosecute the action to final judgment.    p. 657.

6. CRIMINAL LAW.—*Verdict of guilty on each of three counts will not sustain a conviction, one only of the counts being good.*—A verdict of the jury being general, finding defendant guilty on each of three counts, two of which should have been quashed on motion, will not sustain a conviction.    p. 657.

From Vanderburgh Circuit Court; *W. C. Welborn,* Special Judge.

Chester McDaniel was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

PER CURIAM.—An affidavit in three counts was filed against appellant, on which this prosecution was based. He filed a motion to quash each count for the alleged reason that neither count stated facts sufficient to constitute a public offense. The motion was overruled and defendant excepted, after which he was tried by a jury and found "guilty of violating the liquor law as charged in the affidavit and each count thereof," and judgment was rendered that he be fined $500 and imprisoned four months at the state farm, that the liquor and utensils seized should be destroyed, and the automobile forfeited to the State of Indiana.

The second count of the affidavit alleged that on December 26, 1922, at Vanderburgh county, State of Indiana, the defendant "did then and there unlawfully transport certain intoxicating liquor in a certain automobile," etc. The time named was before the unlawful transportation of such liquor in an automobile was made a felony, and when §1, ch. 250, Acts 1921 p. 736, making any transportation thereof a misdemeanor was the only statute in force forbidding the transportation of liquor. That statute declares it to be "unlawful for any person to manufacture, transport * * * furnish or otherwise dispose of any intoxicating liquor * * * except as in this act provided," etc. Other sections of the same act, and of ch. 4, Acts 1917 p. 15, of which it is an amendment, contain a number of exceptions, where

the manufacture, sale or transportation of intoxicating liquor .for certain purposes and under certain circumstances is not made unlawful. But in charging an offense thereunder it is enough to allege that the act charged was "unlawfully" done, without undertaking to negative any of these exceptions, the fact that the defendant was within an exception being matter of defense. *Stapert* v. *State* (1924), 195 Ind. 338, 143 N. E. 587; *Asher* v. *State* (1924), 194 Ind. 553, 557, 142 N. E. 407. The second count of the affidavit sufficiently charged a public offense, and the motion to quash it was properly overruled. *Berry* v. *State* (1925), *ante* 258, 148 N. E. 143; *Asher* v. *State, supra; Lowery* v. *State* (1925), *ante* 316, 148 N. E. 197. But the first count only alleged that the defendant "did then and there unlawfully possess certain intoxicating liquor," while at that time the mere possession of such liquor was not a public offense. *Crabbs* v. *State* (1923), 193 Ind. 248, 257, 139 N. E. 180; *Powell* v. *State* (1923), 193 Ind. 258, 139 N. E. 670; *Walker* v. *State* (1924), 194 Ind. 402, 403, 142 N. E. 16. And the third count did not purport to allege that the defendant had done any act in violation of law, for which a penalty could be imposed, but only charged that theretofore, on a date named, he was "convicted of the crime of violating the liquor law, as appears" from a designated page of the records of the Vanderburgh Circuit Court. Neither the first nor the third count of the affidavit stated facts sufficient to constitute a public offense, and the motion to quash should have been sustained to each of them.

Complaint is made of the admission of certain evidence obtained by a search of appellant's automobile. Since this case was tried below there have been a number of decisions declaring the law as to how far the

authority of a police officer extends in the matter of searching automobiles for intoxicating liquor, and the limitations upon his power and right to make such a search. *Thomas* v. *State* (1925), *ante* 234, 146 N. E. 850; *Haverstick* v. *State* (1925), *ante* 145, 147 N. E. 625; *Guetling* v. *State* (1925), *ante* 643, 148 N. E. 146; *Eiler* v. *State* (1925), *ante* 562, 149 N. E. 62; *Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543. And since the circumstances of the search complained of in this case were not very clearly shown at the former trial, and there must be a new trial, anyhow, with changed issues, we shall express no opinion as to the validity of the search as shown by the evidence now before us.

The fact that the act of 1921, *supra*, has been superseded by ch. 48, Acts 1925 p. 144, does not affect the right to prosecute this action to final judgment.

5.  §248 Burns 1914, §248 R. S. 1881; *State* v. *Lewis* (1924), 195 Ind. 344, 145 N. E. 496.

The verdict of the jury being general on three counts, two of which should have been quashed on motion, the judgment is reversed, with directions to

6.  sustain the motion to quash the first and third paragraphs of the affidavit.