## PIEDMONT *v.* STATE OF INDIANA.

[No. 24,983. Filed December 8, 1926.]

1. INDICTMENT AND AFFIDAVIT.—*Amendment after offense was committed of statute which had defined an offense not ground for quashing indictment.*—The fact that the offense with which the defendant was charged was omitted from amending statute passed after the commission of the offense and before trial was not a ground for quashing the indictment, as §255 Burns 1926, §248 Burns 1914, kept the statute alive for the enforcement of the penalty. p. 513.

2. SEARCHES AND SEIZURES.—*Proof of filing affidavit for search warrant may be made by parol evidence.*—As there is no statute or other authority requiring the recording of a search warrant, parol evidence of the filing of an affidavit for a search warrant and the issuance thereof is competent, it not being

necessary to prove such facts by the records of the court or officer issuing it. p. 514.

3.   SEARCHES AND SEIZURES.—*Evidence held sufficient to justify, issuing search warrant.*—Evidence that search of premises was for the purpose of finding intoxicating liquor thereon and destroying it justified the issuance of the warrant and overcame the objection that it was issued to secure evidence to be used in a criminal prosecution. p. 514.

4.   CRIMINAL LAW.—*Conversation between policeman and another as to where latter obtained liquor found on his person, held competent.*—A conversation between a policeman and a party present when a search of defendant's premises was being made as to where he got liquor which was found on his person was competent when had in defendant's presence, the defendant not having the right to object to the search of the other's person. p. 515.

5.   INTOXICATING LIQUORS.—*Evidence of another's previous occupancy of defendant's premises and that he was convicted of violating liquor laws, held properly excluded.*—In a prosecution for having possession of intoxicating liquor with intent to sell, evidence that a third party who occupied the premises three months before had been convicted of violating the liquor laws was properly excluded, as the offered evidence was wholly disconnected from the offense charged. p. 515.

6.   INTOXICATING LIQUORS.—Evidence held sufficient to sustain conviction of having possession of intoxicating liquor with intent to sell. p. 516.

From Elkhart Superior Court; *William B. Hile,* Judge.

Dominick Piedmont was convicted of having possession of intoxicating liquor with intent to sell, and he appeals. *Affirmed.*

*Harman & Jay,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—Dominick Piedmont was prosecuted on an indictment found by the grand jury of Elkhart county, in which he was charged with unlawfully keeping and having in his possession intoxicating liquor with intent to sell, barter, exchange, give away, furnish and otherwise dispose of same on or about February 13,

1923. Said criminal offense was defined in §1, ch. 250, Acts 1921, said §1 being an amendment of §4 of the Prohibition Law of 1917. The section upon which the prosecution was predicated was amended by §1, ch. 23, Acts 1923, which section omitted the criminal offense named in the indictment. The said last amendatory section became effective on February 26, 1923. The indictment was presented by the grand jury and filed on May 4, 1923. He was found guilty by a jury and he has appealed from a judgment of fine and imprisonment.

Appellant filed a motion to quash the indictment. He contended that at the time the indictment was returned, it was not an offense to have possession of intoxi-

1. cating liquor with intent to sell, etc., and that §255 Burns 1926, §248 Burns 1914 did not keep the omitted portion of the old act in force for the purpose of prosecuting offenses committed prior to the amendment. Part of said §255 reads as follows: "And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute; unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." The identical question raised by appellant was decided by this court in State v. Lewis (1924), 195 Ind. 344, 145 N. E. 496, wherein it was decided that the fact that the offense with which the defendant was charged was omitted from the amending statute passed after the commission of the offense and before trial, was not a ground for quashing the indictment. Said §255 Burns 1926 was cited as an authority for the decision. The cases cited by appellant and his argument have been

carefully considered in connection with the opinion in *State* v. *Lewis, supra.* We believe that opinion is correct and we adhere to same. The indictment stated a public offense and the facts therein were set out with sufficient certainty. The overruling of the motion to quash was not error.

In the motion for a new trial, it was claimed that the court erred in admitting in evidence an affidavit for a search warrant, the search warrant issued 2. thereon, seven bottles of liquor, and testimony regarding the finding of same. It was appellant's contention that it should have been shown by record evidence that the affidavit for search warrant was legally filed and that the search warrant was legally issued. This court has held that if, with the purpose to file an affidavit, it was deposited with the officer charged with the duty to receive and place it on file, and was received and retained by him for that purpose, in the office where the law required such filing, it was sufficiently filed. *Morgan* v. *State* (1923), 194 Ind. 39, 141 N. E. 790. And there is no statute or other authority for recording a search warrant. *State* v. *Fleming* (1916), 184 Ind. 364, 366, 111 N. E. 310. Parol evidence as to the filing of the affidavit and as to the issuing of the search warrant was sufficient; and it was not necessary that such proof be made by the records of the judge of the city court, with whom the affidavit was filed and by whom the search warrant was issued. The said evidence, to the admission of which exceptions were taken, was not incompetent for the reason stated.

Appellant insisted that the only purpose of the search of his premises made by virtue of the search warrant was to secure evidence to be used against him 3. in a criminal case. The chief of police of the city of Elkhart, who signed the affidavit for

search warrant, testified that the purpose of the search was to get possession of the liquor if there was any there and destroy it according to law. This was not denied by any witness. There was no merit to this contention of appellant.

It was claimed that the court erred in permitting a witness who was an officer of the police department of the city of Elkhart to detail a conversation with 4. another man, which occurred during the search, as to where he got liquor which was found on his person. The appellant could not object to the search made of this party, as only the latter could object to same. The conversation related by the witness took place in the presence of the defendant and was competent evidence.

By the evidence of the state, the following facts were shown: When the officers made the search of appellant's premises, in which he conducted a pool 5. room and soft drink parlor, they found in the third room back from the front, concealed in the partition, seven bottles, six of which were full and one almost full of moonshine whisky. As the officers entered the building to make the search, the appellant started to run toward the part of the building where the liquor was afterwards found. The appellant threw a bottle downstairs, and the officer who immediately investigated, found a broken bottle with two tablespoonfuls of moonshine whisky in it, and when the officer started to hand it to another officer who was in charge of the search, the appellant knocked it out of his hand against the wall. There was also the evidence of the person who was there searched that a pop-bottle full of whisky which he then had, had been bought by him of the defendant only a short time before; and that when he bought it, he was in the front room and the defendant started toward the back room and returned

with the bottle of whisky. Appellant testified that he did not own or have possession of the intoxicating liquor which was found and did not know it was there. He claimed that the court erred when it refused to permit him to show that one Dominick Capiletto, who occupied the premises three months before the search, had been convicted of violating the liquor laws and sent to jail therefor. He said that the evidence in regard to Capiletto might indicate that the latter had left the intoxicating liquor where it was found. He did not claim that the evidence would prove that Capiletto had done this. The offered evidence was wholly disconnected from the offense charged. Same was properly excluded.

In support of his motion in arrest of judgment, the same questions were raised as upon the motion to quash the indictment. It was not error to overrule that motion. The verdict of the jury was sustained by sufficient evidence and was not contrary to law. Other causes in the motion for a new trial are not presented.

Judgment affirmed.