ROBERT AUSTIN FRANKLIN v. STATE OF INDIANA.

[No. 673S107. Filed August 1, 1974.]

*Robert S. Bechert,* Deputy Public Defender, Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is a belated appeal from a conviction in the Allen Circuit Court. Trial was had by jury and the appellant was convicted of committing a felony (robbery) while armed, pursuant to IC 1971, 35-12-1-1, being Burns § 10-4709. A sentence of twenty years was meted out.

The facts of this case show that appellant first appeared at the Hy-Fy Gas Station in Fort Wayne, Indiana at about 9:00 p.m. on August 25, 1969. The attendant at the station testified at the trial that appellant hung around the station for about half an hour and left. He returned in about half an hour and stayed for another hour. He then left again and returned at 2:00 a.m. Appellant continued to cavort around the station. At 4:00 a.m., while the attendant was counting the daily receipts preparatory to closing the station, appellant in open view, put a knife to the back of the attendant, took the money, tied up the attendant with a telephone cord which he cut from the phone, and fled. The attendant was discovered and released unharmed within minutes by a neighbor. He immediately reported the incident and a description of the thief to the police. Half an hour later at about 5:00 a.m., appellant was arrested at the Greyhound Bus Station. By 10:00 a.m., of the same morning he had given an oral confession which had been reduced to writing and signed by him. It is the admissibility of this written confession, which is the issue in this appeal.

The State successfully introduced appellant's written confession into evidence. In the statement, appellant described the details of the crime and fully admitted that he had committed it. After a hearing held outside the presence of the jury, preliminary to an objection, appellant's trial counsel lodged the following objection to the admission of the confession:

"We would object to the admission in evidence of State's Exhibit 3, based first on the ground that it carries with it an improper warning and is not in accordance with the *Miranda* case laid down by the United States Supreme Court; on the second ground that the defendant did not give the statement voluntarily and was under coercion."

The trial court overruled the objection and admitted the confession.

At the hearing appellant sought to establish that he had been refused food and that in order to get food, and to thereby assuage his severe hunger pains he had been forced to give the statement. A statistical log was introduced along with the testimony of Officer Brunkhart, which showed that appellant had been given a chicken dinner from the Hobby House thirty minutes prior to the commencement of the interrogation which produced appellant's first oral statements. The trial court accepted the State's version of these events in overruling the objection. This issue has not been argued on appeal.

On appeal, appellant does contend that the precautionary advice and warning included on the mimeographed statement form, upon which appellant's statement and signature were affixed, did not comport with one of the imperatives of *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694. That advisement reads:

"Further, before making this statement, I was advised of my right to have an attorney present to consult with me and that, if I was without funds to hire an attorney, an attorney would be furnished to me by the proper court authorities."

Appellant argues that this warning failed to adequately convey to him that he had the right to consult with a lawyer prior to interrogation and to have a lawyer with him during interrogation. Appellant is correct in his contention that the *Miranda* case requires that the precautionary warnings clearly express that an individual has the right to consult with a lawyer and to have the lawyer with him during interrogation. In that case the United States Supreme Court said:

> "Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer *and to have the lawyer with him during interrogation* under the system for protecting the privilege we delineate today . . . this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of the right will suffice to stand in its stead." (Emphasis added.)  384 U.S. at 471-472.

*Miranda* quoted from *Goodloe* v. *State* (1969), 253 Ind. 270, 252 N.E.2d 788; *Holguin* v. *State* (1971), 256 Ind. 371, 269 N.E.2d 159; *Jones* v. *State* (1969), 253 Ind. 235, 252 N.E.2d 572. As in *Goodloe, supra,* this warning told the appellant that he was entitled to have an attorney to consult with at some unspecified time. It hardly constitutes a clear expression that appellant was entitled to the presence of a lawyer at a time certain—namely during interrogation.

While, therefore, the precautionary advice made part of the written statement is probably deficient, such deficiency does not serve to render this confession inadmissible. Prior to any waiver of rights and prior to the first interrogation which resulted in appellant's first oral confession, he was twice properly and clearly advised of the right to the immediate and continuing presence of a personal counsel.

Appellant was arrested at about thirty minutes after the robbery took place, at the Greyhound Bus Terminal in Fort Wayne by Officer Thomas Heminger. Heminger testified concerning an advisement of rights which he gave to defendant at that time:

"Q. You placed him under arrest at that time?

A. Yes, sir.

Q. Did you do anything else at that time?

A. Yes, sir. I read him his constitutional rights.

Q. Now please tell this Court what you read to him?

A. Yes, sir, I have the card here. I read to him, 'You have the right to remain silent. Anything you say can and will be used against you in a court of law. *You have the right to talk to a lawyer right now and have him present while you are being questioned.* If you cannot afford to hire a lawyer one will be furnished to represent you before any questioning, if you wish one. And, if you decide to answer questions without a lawyer present, you will have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.' And, then, I asked if he understood these rights and he said he did. He said he had heard these before." (Emphais added.)

Appellant gave a full oral and written confession to Detective Brunkhart by 10:00 a.m., of the same morning. Brunkhart testified that he commenced interrogation of appellant at approximately 9:30 a.m., and then described his preliminary advisement of rights as follows:

"Q. Alright. And, did you have a conversation with him at that time?

A. Yes, sir.

Q. What transpired, if anything, prior to your conversation?

A. We read his rights for him. Its a little card that we carry which is standard procedure on anybody that we talk to, to read their rights.

Q. Alright. Now, you were present when Officer Heminger testified, were you not?

A. Yes, sir.

Q. *Were these the same rights that you read to him?*

A. *Yes, sir.*" (Emphasis added.)

Other references to the pre-interrogation procedure is sprinkled amid Brunkhart's testimony. He testified that he asked whether appellant understood the rights which were

read to him and asked whether he wished to contact an attorney before giving any statement. He was also asked whether he wanted to give a statement to police.

We therefore conclude, from consideration of all of the pre-interrogation warnings given to appellant, that he was fully and adequately advised of the right to consult with a lawyer before questioning and to have a lawyer present during questioning. The trial court did not commit error in admitting Exhibit No. 3 into evidence over this objection.

The conviction is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 314 N.E.2d 742.